BLANCHARD, J.[1]
¶1 Stacie Jean Rios appeals dismissal of her small claims action against Ryan Justmann. I affirm.
¶2 Rios alleges in this small claims action that Justmann, her landlord, permitted upstairs tenants to harm her. Based on this allegation, she purports to state a claim for money, a tort or personal injury claim, and a replevin claim. Attached to the summons and complaint are various documents purporting to support allegations of urine "being dumped through the ceiling into [Rios'] kitchen" and marijuana "smoke coming into" her home, which was "life threatening" to her.
¶3 At the hearing before the circuit court, Rios and Justmann both appeared, without counsel. Rios told the court that the tenants living above her had been "dumping ... their pee down the huge hole in the ceiling" and smoking marijuana, to which Rios is "highly allergic." In addition, Rios said, "one lady had to be arrested because they were stealing electricity from me numerous times and racked up my electricity bill to $ 250 in the month of May" and the upstairs tenants stole various items, such as an air conditioning unit, a bicycle, a chair, and food stamps.[2] Rios said that she had called police 17 times, but that police told her these were "civil matter[s]." When Rios reported alleged thefts to police, she told the court, "police won't do anything." A particular upstairs tenant also "[t]hreaten[ed] to beat me up."
¶4 Rios also said that she told Justmann "all about it and he [did]n't want to do anything for almost three months." However, in a seemingly inconsistent statement, Rios also said that Justmann, in responding to disputes between the two sets of tenants, posted signs placing tighter rules around access to a garage and a laundry room, put up plywood to cover a basement window, and placed "a huge board over the ... huge hole in the ceiling."
¶5 Justmann told the court that, while police responded "numerous, numerous times" to complaints at the building where Rios and other tenants resided, Justmann's understanding was that police "have been able to do nothing" due to a lack of evidence of law violations by any person. Justmann said that, on the day after Rios first complained to him about the upstairs tenants, Justmann gave the upstairs tenants a verbal warning, followed by a written warning several weeks later. The upstairs tenants then informed Justmann that they would voluntarily move out on June 15, although they did not move out as planned on that date. "I gave them a 14-day notice ... and later they were out of the apartment." Justmann said that he expressed "all this ... to" Rios. Justmann also said that he immediately and effectively responded to Rios's complaint about the upstairs tenant running a power cord from the basement to the upper level.
¶6 The court patiently elicited statements and arguments from both parties.[3] Then, the court determined that there was insufficient evidence to support Rios's claims. The court noted that there was no evidence that Justmann took any of Rios's property and that the gist of Rios's allegations was that she was "not happy where she was living" and had "problems with the neighbors," which she "told the police about."
¶7 Rios fails to develop an argument on appeal that could undermine the findings and conclusions of the circuit court. Her brief-in-chief and her reply brief simply repeat factual allegations that she made at the hearing. Rios apparently intends for these allegations to somehow stand for an argument that the circuit court overlooked evidence establishing that Justmann violated her rights in a way that could entitle her to a remedy under the law. However, no recognizable argument that suggests error by the circuit court emerges from her list of allegations.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.
This appeal is separate from the eviction action, Justmann Properties, LLC v. Stacie Rios (circuit court No. 2018SC214, appeal No. 2018AP1942), assigned to a different judge of this court. I do not address any issue raised in the eviction case and appeal. By agreement of the parties, the circuit court took evidence and considered arguments in the two actions at the same hearing. However, while some of the same allegations of fact may be relevant to both actions, the legal issues in the two cases are distinct.

In response to a question from the court, Rios clarified that she did not suspect that Justmann had stolen any belongings.

The record reflects that the circuit court made repeated efforts to allow both sides to fully explain their perspectives and asked probing questions of both sides. In particular, the court gave Rios a full opportunity to provide any grounds that she thought might create the potential for relief and assured her that "we don't have to rush through this. This is somewhat informal, so I want to make sure I understand what you're saying."